IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
TRACY LYNN TOPHAM,             )
                               )
                  Plaintiff,   )    CIVIL ACTION
                               )
v.                             )    No.  14-1177-MLB
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social Security, )
                               )
                  Defendant.   )
                               )
```

**MEMORANDUM AND ORDER**

This is an action for review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits. The matter has been fully briefed by the parties and the court is prepared to rule. (Docs. 13, 16, 21).

**I. General Legal Standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is

overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not

working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled. If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

    The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487. Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is

used to evaluate the claim at both step four and step five. 20 C.F.R. § 404.1520(a)(4); 404.1520(f, g).

**II. History of Case**

In 2010, plaintiff was 45 years old and was employed by Cessna Aircraft. On May 22, 2010, she was on a motorcycle at a stop light when she was rear-ended by a car. Plaintiff was hospitalized with injuries that included a concussion, scalp laceration, a C1 non-displaced chip fracture, C7 transverse process fracture, a fractured rib, and a T12 compression fracture. Scans showed no intracranial abnormality and no evidence of spinal cord contusion, laceration or compression. She was discharged several days later and was given a conservative course of treatment that included wearing a "Miami J" collar and a back brace and taking pain medication. In December 2010, plaintiff's physician released her to return to work with no restrictions. Plaintiff returned to work at Cessna but was laid off on January 11, 2011. Plaintiff's application for social security disability benefits alleges an amended onset date of disability of January 12, 2011.

Administrative Law Judge (ALJ) Rhonda Greenberg issued a written decision on January 25, 2013, denying plaintiff's claim. (Doc. 8). At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the onset date. At step two, she found plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine; and cognitive disorder, not otherwise specified. The ALJ also found plaintiff had non-severe impairments of hypertension and diabetes mellitus. At step three, the ALJ found that none of plaintiff's impairments, alone or in

combination, met or medically equaled any of the impairments listed in the regulations.

The ALJ next determined that plaintiff had the residual functional capacity (RFC) to perform light work in that she could lift and carry 20 pounds occasionally and 10 pounds frequently, and could sit for 6 hours and stand/walk for 6 hours of an 8-hour workday. The ALJ found plaintiff could frequently climb stairs but must avoid climbing ladders and scaffolds; she could occasionally balance, stoop, kneel, crouch and crawl; she must avoid all exposure to unprotected heights, moving mechanical parts and operating a vehicle; and avoid frequent exposure to extremes of temperature. The ALJ further found plaintiff is limited to performing simple, routine and repetitive tasks, but not at a production rate, such as assembly line occupations.

At step four, the ALJ found plaintiff was unable to perform any past relevant work. At step five, the ALJ found plaintiff could perform jobs that exist in significant numbers in the national economy, including inserting machine operator, folding machine operator, and collator operator. The ALJ thus found that plaintiff was not disabled.

**III. Analysis**

A. Plaintiff's credibility.

Plaintiff argues the ALJ improperly assessed her credibility. She contends the ALJ improperly found that her subjective complaints of pain and her testimony about her daily activities were not fully credible. Doc. 13 at 23-26. Plaintiff also claims the ALJ was biased and thereby deprived her of a fair hearing. Doc. 13 at 25.

The ALJ, as the finder of fact, is ideally suited to assess credibility, and the court will not disturb an ALJ's credibility findings if they are supported by substantial evidence. Wilson v. Astrue, 602 F.3d 1136, 1144 (10th Cir. 2010). Generally, an ALJ's credibility determinations are treated as binding on review, recognizing that symptoms are sometimes exaggerated when applying for government benefits. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990).

The ALJ's determination that plaintiff's complaints were not fully credible is supported by substantial evidence. For example, the ALJ cited objective medical evidence in the record that undermined plaintiff's testimony. Plaintiff suffered significant injuries in the motorcycle accident of May 22, 2010, but she made steady progress thereafter with conservative treatment. In September 2010, plaintiff reported some neck soreness but said she had "minimal pain," and reported that her symptoms had improved about 80%. She continued on pain medication. By December 1, 2010, she was released to return to work with no restrictions. X-rays taken at that time showed "no abnormal movement in the cerebral bodies and seems to have good alignment." As the Commissioner points out, a neurological examination in March 2011 was largely normal. In a September 2011 visit with her doctor, plaintiff complained of back pain, but she had no edema, she denied pain, numbness or tingling in the legs, straight leg raise test was negative, and reflexes and motor strength were normal. Plaintiff complained of low back pain and was seen at the Kansas Joint and Spine Center on November 9, 2011. No treatment was recommended at that time for plaintiff's old compression fractures. Although plaintiff

testified she could not stand for more than 15 minutes and could only lift ten pounds, the ALJ noted a neurological examination in April 2012 showed that plaintiff's motor strength was normal in the upper and lower extremities, and her reflexes and gait were normal.  The ALJ also properly considered opinion evidence in finding that plaintiff's complaints were not fully credible, including the opinion of her physician releasing her to work without restrictions and the opinion of a consulting psychologist, who noted that plaintiff scored 29 out of 30 on a mini-mental exam despite plaintiff's testimony about memory deficits.

Plaintiff argues the ALJ failed to meet her obligation to set forth specific evidence to support her findings on plaintiff's credibility. But the ALJ discussed the factors from <u>Luna v. Bowen</u>, 834 F.2d 161 (10th Cir. 1987), and tied them to the record, even if the discussion was somewhat dispersed throughout the ALJ's opinion. The ALJ also properly considered the lack of objective verification for plaintiff's claim that she was severely limited in activities of daily living as one factor weighing against her credibility. <u>See</u> <u>Keyes-Zachary v. Astrue</u>, 695 F.3d 1156, 1168 (10th Cir. 2012). Considered as a whole, the ALJ properly considered the evidence, including plaintiff's testimony about her daily activities, and made a credibility finding that was supported by substantial evidence.

Plaintiff also makes unsubstantiated claims of bias on the part of the ALJ. Doc. 13 at 25.[1] The record shows that plaintiff received

---

[1] <u>See</u> <u>e.g.</u> Doc. 13 at 22, 25, 26 (ALJ's opinion "is based purely on procedural advantage exploited by a biased administrative judge"; plaintiff's credibility "was trashed by the [ALJ] on a specious criterion that really has nothing to do with anything other than

a full and fair hearing before the ALJ. The only basis for the claim of bias, as far as the court can tell, is that the ALJ ruled against plaintiff. Cf. Liteky v. United States, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion).

    B. RFC findings.

    Plaintiff next argues the RFC was not based upon substantial evidence, although the basis for her argument is unclear. Plaintiff accuses the ALJ of "selective bifurcation," by which she apparently means that the ALJ failed to consider all of the evidence, but plaintiff's argument is refuted by the ALJ's opinion, which recounted and addressed the evidence plaintiff claims was not considered. Plaintiff specifically argues that the ALJ should have found that plaintiff had marked difficulties in maintaining concentration, persistence and pace, but she cites no medical testimony for that claim, and she fails to address the substantial evidence cited by the ALJ that weighed against it, including evidence that plaintiff was able to drive, read, check her email, use the computer, crochet and watch television on a regular basis, and was able to focus and perform on tests with consulting psychologist Dr. DeGrandis. The RFC found by

---

foisting an unfair procedural advantage against a Citizen-Claimant at the hands of an unrestrained and overzealous [ALJ] more interested in denying benefits than delivering benefits to qualified recipients": the ALJ's "ready bias and sycophancy ... makes the prospect of a fair adjudication impossible"; ALJ "has intentionally misrepresented and marginalized findings in order to support a defective opinion".) Plaintiff's counsel has made similar unfounded accusations against ALJs in prior cases, prompting this court to refer those matters to the Kansas Disciplinary Administrator. A copy of this opinion will likewise be forwarded to the attorney assigned to investigate the prior matters.

the ALJ was supported by substantial evidence and was determined in accordance with the regulations.

     C. <u>Impairment listing 1.04A</u>

The ALJ found that plaintiff did not have an impairment that meets or medically equals the severity of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, including the listing at 1.04 for spinal disorders.

Plaintiff first argues that she met the requirements of listing 1.04 because she has degenerative disc disease. Doc. 13 at 32. To meet the requirements of 1.04, however, a claimant with degenerative disc disease must also have a condition that meets paragraph A, B or C of that listing. Plaintiff identifies no such condition. "An impairment that manifests only some of [the listing] criteria, no matter how severely, does not qualify" to meet or equal the listing. <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). Plaintiff also argues that the ALJ "fails to state specifically that Plaintiff's condition does not 'equal' Listing 1.04A," Doc. 13 at 32, but the opinion clearly states that plaintiff does not have an impairment that meets "or medically equals" the severity of the listed impairments. Doc. 8 at 23. "Medical equivalence to a listing may be established by showing that the claimant's impairment 'is at least equal in severity and duration to the criteria of any listed impairment.' <u>Clark v. Astrue</u>, 2012 WL 4856996, *5 (D. Kan., Oct. 12, 2012 (quoting 20 C.F.R. §404.1526(a)). Plaintiff cites no evidence to satisfy that standard and has shown no error in the ALJ's ruling. The ALJ addressed the evidence, applied it to the relevant listings, and explained why plaintiff was not disabled at step three.

D. <u>Whether plaintiff is able to perform other jobs</u>.

Plaintiff's final argument is the ALJ erred in finding that plaintiff was capable of performing other jobs that exist in significant numbers. She argues that the jobs cited by the ALJ contradict the RFC limitation that plaintiff "must avoid ... moving mechanical parts." Doc. 8 at 24.

Although the occupational titles of the jobs cited by the ALJ, standing alone, might suggest that they required work around moving mechanical parts -- e.g., "inserting machine operator" and "folding machine operator" -- plaintiff offers no evidence to contradict the vocational expert's testimony that these jobs were in fact compatible with plaintiff's limitations. She cites nothing to contradict the expert's testimony that his conclusions did not conflict with the Dictionary of Occupational Titles (DOT). Moreover, an examination of the DOT listings for the three jobs cited by the ALJ shows that each one indicates that work around moving mechanical parts is not a requirement: "Moving Mech. Parts: Not Present - Activity or Condition does not exist." <u>See</u> <u>also</u> <u>Jones v. Colvin</u>, 2014 WL 3729189, *4 (W.D. Okla., July 25, 2014) (folding-machine operator and inserting-machine operator positions are described in the DOT as not involving exposure to moving mechanical parts). The ALJ's finding that plaintiff was capable of performing other jobs was supported by substantial evidence.

**IV. Conclusion**

The final decision of the Commissioner denying plaintiff's application for social security disability benefits is affirmed.

A copy of this Memorandum and Order shall be forwarded to Kelly

J. Rundell at Hite, Fanning & Honeyman, LLP.

    IT IS SO ORDERED.

    Dated this 27th day of August 2015, at Wichita, Kansas.

                                    s/Monti Belot
                                    Monti L. Belot
                                  UNITED STATES DISTRICT JUDGE